Matter of Block Inst., Inc. v New York State Off. for People With Dev. Disabilities (2018 NY Slip Op 00060)





Matter of Block Inst., Inc. v New York State Off. for People With Dev. Disabilities


2018 NY Slip Op 00060


Decided on January 4, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 4, 2018

525046

[*1]In the Matter of BLOCK INSTITUTE, INC., Appellant,
v
NEW YORK STATE OFFICE FOR PEOPLE WITH DEVELOPMENTAL DISABILITIES, Respondent.

Calendar Date: November 16, 2017

Before: McCarthy, J.P., Lynch, Devine, Mulvey and Aarons, JJ.


Bond, Schoeneck & King, PLLC, Albany (Stuart Klein of counsel), for appellant.
Eric T. Schneiderman, Attorney General, Albany (Jonathan D. Hitsous of counsel), for respondent.


Lynch, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Ceresia, J.), entered November 3, 2016 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's application for contingency funding.
Petitioner is a not-for-profit corporation located in Brooklyn that operates community residences for individuals with developmental disabilities. Respondent is responsible for licensing community residences and provides "contingency funding" to service providers. Historically, respondent reviewed funding
applications without imposing a submission time frame on providers. In September 2009, however, respondent notified providers that, effective October 21, 2009, contingency funding applications would have to be submitted within one year after the close of the fiscal year for which funding was being requested.
By transmittal letters dated October 20, 2009, petitioner submitted separate contingency funding requests for fiscal years ending June 30, 2006, June 30, 2007 and June 30, 2008. By letter dated December 8, 2009, respondent acknowledged "receipt of [petitioner's] October 20, 2009 request" for all three years. In August 2012, respondent corresponded with petitioner to advise that certain backup documentation would be needed for review. By email dated August [*2]16, 2012, petitioner confirmed that the necessary supporting documentation was available. Several years later, in October 2015, respondent informed petitioner that its funding requests were being denied as untimely under the one-year submission policy, noting that the requests were received on October 22, 2009. Petitioner commenced this CPLR article 78 proceeding seeking to annul respondent's determination as arbitrary and capricious and an abuse of discretion. Supreme Court dismissed the petition, and petitioner now appeals.
We reverse. The September 2009 policy notification instructed that, "[i]n order to be considered timely, [respondent] must receive the application postmarked by the deadline or receive the request via email or fax by the deadline" — here, October 21, 2009. During oral argument, respondent's counsel acknowledged that a letter postmarked by October 21, 2009 would be deemed timely even if received after that date — a construction consistent with our reading of this instruction.
In support of its petition, petitioner provided the affidavit of its Executive Director, Scott Barkin, who asserted that, "[o]ne day before the effective date of [respondent's] new rule, [petitioner] submitted" the subject requests. The subject requests included a transmittal letter dated October 20, 2009 — all but one of which listed Barkin as a "cc" — addressed to respondent's office in the City of Albany. In opposition, respondent provided the affidavit of John Smith, an Associate Commissioner, stating that respondent received the subject requests on October 22, 2009, with copies of each letter time stamped as received on that date. Neither party provided any further detail as to either the method used to submit the October 20, 2009 letter requests or the protocol that respondent utilized to process and time stamp correspondence. Considering the correspondence exchange between the parties, it is evident that this dearth of detail on both sides is a consequence of the six-year delay in summarily rejecting the applications as untimely. That said, we recognize that the policy notification informed providers such as petitioner that "[i]t will be the provider's responsibility to confirm successful transmissions. Providers will bear the risk of postal delays or electronic transmission failures."
In our view, petitioner met its burden of establishing that the requests were timely submitted. We first note that respondent's policy notification does not list hand delivery as an acceptable "submission vehicle." Nor is there anything in the record to document that petitioner's applications were made by email or fax. Basically, that leaves mailing as an acceptable submission option; in this regard, we have the October 20, 2009 letter packets "submitted" from Brooklyn, and respondent acknowledged "receipt of [petitioner's] October 20, 2009 request," ultimately time stamped as received in Albany on October 22, 2009. This sequence necessarily establishes that petitioner's submissions were postmarked at least by October 21, 2009 and, thus, were timely. To hold otherwise is irrational, arbitrary and capricious (see Matter of Entergy Nuclear Power Mktg., LLC v New York State Pub. Serv. Commn., 122 AD3d 1024, 1026-1027 [2014]). Accordingly, the petition should be granted.
McCarthy, J.P., Devine, Mulvey and Aarons, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, petition granted, determination annulled and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.